IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| JULIANA MBANUSI | * | |
| Plaintiff | * | |
| v. | * | Civil Case No. 8:23-cv-0777-DLB |
| LIBERTY MUTUAL INSURANCE CO., | * | |
| Defendant | * | |
| | * | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant's Motion to Alter/Amend the Court's December 5, 2024 Discovery Order. ECF No. 60. The Court addressed the Motion during the January 22, 2025 Discovery Conference during which it, for the reasons stated on the record: 1) explained that the Motion, despite its framing, was more properly termed a Motion for Reconsideration; and 2) rejected the arguments therein. ECF Nos. 67, 70. Nonetheless, out of an abundance of caution, the Court agreed to review the documents at issue to determine if the review altered the Court's conclusion on the second point. Accordingly, after the Conference, the Court ordered that Defendant "submit any internal guidelines or manuals responsive to the Court's December 5, 2024 [Order] to the Court for in-camera review within seven days of this Order." ECF No. 70, at 1. Having reviewed the substance of the three responsive documents Defendant has provided, the Court orders the production of 1) pages 6, 7, and the first three lines of page 8 of "Document 1"; 2) the entirety of "Document 2"; and 3) the entirety of "Document 3". Accordingly, for the reasons stated on the record during the Court's January 22, 2025 Discovery Conference, and herein, Defendant's Motion is granted, in part, and denied, in part.

1

**I.      Legal Standard**

Motions for reconsideration are "an extraordinary remedy which should be used sparingly." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009); *Peckey v. Bank of Am.*, No. RDB-14-433, 2016 WL 6951940, at *1 (D. Md. Nov. 28, 2016); *Siple v. First Franklin Fin. Corp.*, No. RDB-14-2841, 2015 WL 6163791, at *2 (D. Md. Oct. 19, 2015) ("Where a party seeks reconsideration on the basis of manifest error, the earlier decision cannot be 'just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." (quoting *TFWS*, 572 F.3d at 194)). "Resolution of the motion is 'committed to the discretion of the district court[.]'" *Ficep Corp. v. Voortman USA Corp.*, No. CIV. WDQ-13-0429, 2015 WL 1401881, at *3 (D. Md. Mar. 24, 2015) (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003)).

**II.     Analysis**

Federal Rule of Civil Procedure 37(a) "authorizes the basic motion for enforcing discovery obligations." 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2285 (3d ed. 2023). Where a party fails to answer a request for production of documents or an interrogatory, the Rule allows the opposing party to move for an order compelling an answer. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). The moving party must certify in the motion that it has conferred, or attempted to confer, in good faith with opposing counsel in an effort to obtain the desired material without court involvement. Fed. R. Civ. P. 37(a)(1). District courts enjoy "substantial discretion in managing discovery," including granting or denying motions to compel. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).

Pursuant to Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to

>  the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Generally speaking, this case concerns Plaintiff's claim that Defendant failed to properly repair and/or reimburse her for water damage to electronic equipment that she stored at a third-party storage facility where she rented space. *See* ECF No. 3. Plaintiff alleges that Defendant's failures supported claims for negligence, as well as breach of contract. *Id.* at 2. Although Defendant disputes whether the relevant insurance policy extends to Plaintiff's property at issue in this case, and has asked the Court to limit discovery on this basis, *see, e.g.*, ECF No. 59, at 2; ECF No. 60, at 2, Defendant's arguments as to the ultimate merits of Plaintiff's claim are not a basis to close discovery. *See, e.g.*, *Barboiur v. Hamm*, No. 2:01-cv-612-ECM, 2022 WL 681754, at *4 (M.D. Ala. Mar. 7, 2022) (criticizing the fact that "the State's argument conflates the standard of ultimate review of the petition's merits with the standard for discovery on those merits or on other procedural issues."). Rather, the scope of discovery is guided by 1) the contours of the allegations in Plaintiff's Complaint, 2) the parties' conduct during discovery, and 3) the specific burden that continued discovery would have on the producing party. *See In re Bunce*, No. TDC-18-3821, 2020 WL 1331911, at *2 (D. Md. Mar. 23, 2020) ("By way of the 2000 amendments to Fed. R. Civ. P 26(b), it is clear that litigation is to be bounded by the 'claims and defenses' of the complaint and/or answer."); *Nuckles v. Wal-Mart*, No. 4:06CV00178 WRW, 2007 WL 1546092, at *3 (E.D. Ark. May 25, 2007) ("[B]ecause of the continuing disputes in this case, the scope of discovery is expanded to any matter that is relevant to the subject matter of this claim."); Fed. R.

Civ. P. 26(b)(2)(C)(iii) ("the court must limit the scope of discovery if the burden or expense of the proposed discovery outweighs its likely benefit").

As the Fourth Circuit has explained, if a trial court fails to comply with these rules, it will only prolong the case for all parties:

> Summary judgment should only be granted after adequate time for discovery. Consistent with that general rule, Federal Rule of Civil Procedure 56(d) allows a district court faced with a motion for summary judgment to defer considering the motion, deny the motion, allow time for discovery, or issue any other appropriate order upon a showing by the nonmovant that it cannot present facts essential to justify its opposition. We have advised that relief under Rule 56(d) should be liberally granted to protect nonmoving parties from premature summary judgment motions. We have even mandated that courts in this Circuit refuse to consider the motion where the nonmoving party has not had an opportunity to obtain evidence necessary to support its position.

*Boyle v. Azzari*, 107 F.4th 298, 301-02 (4th Cir. 2024) (internal quotation marks and citations omitted).

The majority of documents Defendant has submitted for *in-camera* review are relevant to the case, and can be produced without an undue burden on Defendant. The first document is a set of guidelines vendors should use when determining the cost of replacing real and personal property damaged by water. Defendant disputes the relevance of the document on the grounds that the document concerns damage to an insured's home, and the property therein, as opposed to personal property held offsite at a third-party storage facility. While the portions of the document pertaining to real property are irrelevant to this case, those portions concerning the valuation and treatment of personal property are arguably relevant, given the apparent non-existence of similar guidelines for the treatment of personal property damaged outside of the home. Plaintiff is entitled to review such document, and, for example, inquire whether similar procedures are used for insured property

4

outside of the home, whether the document is used for personal property even if it was not found in the home, and how the procedures used to value such property when found outside the home compare to the policies used for information when found within the home.  Whether the proper procedures were followed could support Plaintiff's claims for negligence, as well as breach of contract.

The second document appears to be a print-out of an internal website setting out guidelines vendors should use when attempting to mitigate damages to an insured's property.  Although Defendant has represented to the Court that the document concerns only personal property found within the home, the document, by its terms, is not so limited.  Regardless, for the reasons stated above, and given the lack of similar guidelines governing the mitigation of personal property stored outside of the home, the Court, nonetheless, finds the document to be discoverable.

Defendant concedes the relevance of the third document – a listing of prices associated with replacing certain electronic equipment and price thresholds to be used when determining to replace or repair such – but argues that the document should nonetheless be withheld on account of the document's proprietary nature.  Defendant's argument fails for multiple reasons.  First, this Court has explained that a general assertion regarding the proprietary nature of a document will be insufficient to seal documents, much less withhold them from discovery entirely.  *See Graham v. Famous Dave's of America*, No. DKC 19-0486, 2020 WL 5653231, at *18 (D. Md. Sep. 23, 2020) (refusing to seal documents because "the generic labeling of these documents as 'internal company documents,' does not entitle them to be filed under seal.  Nowhere does [Defendant] lend factual support to the assertion that these documents contain any proprietary information at all, or how a competitor would even exploit such information to its advantage.").  Second, a defendant's concerns regarding the confidential nature of a document can be addressed through a

confidentiality order. *See, e.g.*, *Costa v. Christian Home Healthcare Corp.*, No. 18-1194, 2019 WL 13093105, at *1 (W.D. Pa. Jul. 1, 2019) ("Confidentiality orders are routinely utilized to protect confidential or proprietary information that is subject to discovery.").

Defendant nonetheless argues that the Court should withhold the document on account of its belief that Plaintiff will not comply with a confidentiality order. Defendant's belief is largely unsubstantiated. As explained during the Court's January 22, 2025 Discovery Conference, the examples on which Defendant relies – Plaintiff's filing of requests for discovery with the Court, ECF No. 60, at 3 – are not examples of ill intent, but rather, unfortunately common misunderstandings as to what information should be filed on the Court's electronic docket. At base, Defendant's concern arises not out of Plaintiff's conduct, but rather the fact that she is proceeding *pro se* and has pursued her case vigorously. The Court cannot bar a plaintiff from discovery simply because she is proceeding *pro se*. Nonetheless, out of an abundance of caution, the Court warns Plaintiff that any violation of the Court's forthcoming Confidentiality Order – including, but not limited to, using these documents in any case other than this case or providing the documents to any person not associated with this case – may result in the imposition of sanctions.

Accordingly, for the reasons stated above, Defendant shall provide Plaintiff the portion of Document 1 identified above, as well as the entirety of Documents 2 and 3, within fourteen days of the Court's entry of a Confidentiality Order in this case.

So ordered.

Date:   February 19, 2025                                         /s/
                                                                          Ajmel A. Quereshi
                                                                          U.S. Magistrate Judge