IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JULIANA MBANUSI** | * | |
| **Plaintiff** | * | |
| | * | **Civ. No.   DLB-23-777** |
| **v.** | * | |
| **LIBERTY MUTUAL INSURANCE CO.** | * | |
| **Defendant** | * | |

<u>**MEMORANDUM OPINION**</u>

On September 13, 2022, Juliana Mbanusi filed a complaint against Liberty Mutual Insurance Company ("Liberty Mutual") after her property in a storage locker insured by Liberty Mutual was damaged by water after a pipe burst in July 2018 and Liberty Mutual did not handle her claim to her satisfaction. Two years later, Mbanusi sought leave to amend her complaint to add four defendants and claims arising from damage to her personal property and her condominium that was caused by water after a different pipe burst, this one in her condominium in September 2018. Because the proposed claims are time barred and do not relate back to the claims in her original complaint, Mbanusi's motion for joinder and for leave to file an amended complaint is denied.[1] Mbanusi also filed an emergency motion to stay the sheriff's sale of her condominium, which is scheduled for May 21, 2025. Because the foreclosure sale of her condominium is not related to the claims in the original complaint, that motion also is denied.

I.    **Background**

In her September 13, 2022 complaint, Mbanusi claimed that personal items she kept in a storage locker were damaged by water after a pipe burst above her locker in July 2018. ECF 3. She

---

[1] Mbanusi's motion for leave to file photographs and videos of the damage—exhibits to the proposed amended complaint—on a USB, ECF 36, is denied as moot.

further claimed that Liberty Mutual, which allegedly insured the items, unduly delayed adjudication of her claim and failed to adequately cover her losses. *Id.* Mbanusi appeared to allege claims of negligence, breach of contract, and failure to act in good faith in adjusting the claim. Liberty Mutual removed the case to this Court on March 21, 2023. ECF 1.

On March 5, 2024, the Court dismissed the case for failure to prosecute. ECF 21. Mbanusi asked the Court to reconsider its dismissal, ECF 22, and the Court granted her request to reopen the case, ECF 24. The Court issued a scheduling order on August 5, 2024, setting a September 19, 2024 deadline for moving for joinder of additional parties and amendment of pleadings. ECF 25.

On September 18, 2024, Mbanusi filed a timely motion to join additional defendants and amend the complaint. ECF 34. Liberty filed an opposition, ECF 37, noting Mbanusi did not file a proposed amended complaint as Local Rule 103.6(a) requires. On October 17, 2024, Mbanusi filed a reply, ECF 38, and a proposed amended complaint, ECF 38-2.

In her proposed amended complaint, Mbanusi seeks to add four additional defendants: Charlestowne Village Condominium, Inc. ("Charlestowne"), Greater New York Insurance Company ("Greater NY"), Verde Gold International Construction Inc. ("Verde Gold"), and Selective Insurance Company ("Selective"). ECF 38-2, at 1. And she seeks to expand her claim for breach of contract against Liberty Mutual and to add breach of contract claims against Charlestowne, Greater NY, and Verde Gold; negligence, unjust enrichment, and Maryland Consumer Protection Act violations claims against all the defendants; claims for "statutory claim handling violations" against Liberty Mutual and Selective; a claim against Charlestowne, Verde Gold, Liberty Mutual, and Greater NY for trespass; and a claim against Liberty Mutual, Greater NY, and Selective for defamation. *Id.* at 3–7. *Compare* ECF 3, *with* ECF 38-2. Mbanusi's new allegations, like her original allegations, relate to water damage to her property that Liberty Mutual

insured. But the damaged property in her proposed amended complaint was her condominium and the personal property in her condominium, not her "separate rental storage unit," and the water damage in her residence occurred in September 2018, two months after the July 2018 damage to property in her locker. ECF 38-2, ¶¶ 1, 12, 18.

On March 24, 2025, Mbanusi filed an emergency motion to stay the sheriff's sale of her condominium, which is scheduled for May 21, 2025. ECF 88. Liberty Mutual opposed the motion, ECF 91, and Mbanusi filed a reply, ECF 92.

## II.    Motion to Amend

Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Additionally, Fourth Circuit "policy . . . liberally allow[s] amendment in keeping with the spirit of Federal Rule of Civil Procedure 15(a)." *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 112 (4th Cir. 2013) (quoting *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)). Of course, there is no need to allow amendment to bring a claim barred by the statute of limitations. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (futility of claim justifies denial of leave to amend). Therefore, when a party seeks leave amend to bring an untimely claim, the Court considers whether the claim is "saved by the relation-back authorized by Rule 15(c)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 466 (4th Cir. 2007). If an amended complaint relates back, it shares "the filing date of the original complaint." *Id.*

Under Rule 15(c)(1)(B), "an amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R.

Civ. P. 15(c)(1)(B).[2] To relate back, "there must be a factual nexus between the amendment and the original complaint." *Grattan v. Burnett*, 710 F.2d 160, 163 (4th Cir. 1983), *aff'd*, 468 U.S. 42 (1984). That is, "the amended claims and the original claims [must] share a core of operative facts." Steven S. Gensler, *Federal Rules of Civil Procedure: Rules & Commentary* ("*Rules & Commentary*") Rule 15 (2022). If "there is some factual nexus, an amended claim is liberally construed to relate back to the original complaint if the defendant had notice of the claim and will not be prejudiced by the amendment." *Grattan*, 710 F.2d at 163; *Bradley v. Veterinary Orthopedic Sports Med. Grp.*, No. DKC-19-2662, 2022 WL 703916, at *8 (D. Md. Mar. 9, 2022). Thus, "relation back is proper when the amended complaint amplifies the existing allegations or makes the existing allegations more definite and precise" by "present[ing] additional facts." Gensler, *Rules & Commentary* Rule 15. Relation back also is proper even if the amendment presents a "new claim [that] involve[s] different sources of proof" or "new legal theories," as long as "the core facts are the same." *Id.* In contrast, relation back is not proper if the amendment presents "new claims [that] arise from an entirely different event or set of facts." *Id.*

"Rule 15(c) must be understood to freely permit amendment of pleadings and their relation-back so long as the policies of statutes of limitations have been effectively served." *Goodman*, 494 F.3d at 468. Thus, the "fundamental question" in deciding whether a claim relates back under Rule 15(c)(1)(B) "is whether the original complaint served the notice-giving purpose of the limitations period by providing fair notice—within the applicable limitations period—of the basis for liability that was added in the amended complaint." Gensler, *Rules & Commentary* Rule 15. "The rationale

---

[2] Rule 15(c)(1)(A) states that an amendment may relate back if "the law that provides the applicable statute of limitations allows relation back." Rule 15(c)(1)(C) provides that an amendment may relate back under certain circumstances when, instead of bringing a new claim or defense, "the amendment changes the party or the naming of the party against whom a claim is asserted." Neither is the case here.

is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n.3 (1984).

The Court must consider whether the claims in Mbanusi's proposed amended complaint relate back to the claims in her original complaint because the proposed claims are not timely. The original complaint, filed September 13, 2022, concerned water damage to Mbanusi's property in her storage locker that occurred in July 2018. Mbanusi alleged she did not learn about the damage until a year later, and Liberty Mutual did not assert a statute of limitations defense. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101 (three-year statute of limitations). The proposed amended complaint, which was filed on October 17, 2024, adds claims for damage caused by water after a different pipe burst in Mbanusi's condominium in September 2018. Those events occurred about six years before Mbanusi filed the proposed amended complaint, and Liberty Mutual asserts the claims based on those events are barred by the three-year statute of limitations. If the new claims relate back to the original claims and were timely when the latter claims were filed, they are saved by the relation back doctrine.

A review of Fourth Circuit law on the relation back doctrine is useful. In *English Boiler & Tube, Inc. v. W.C. Rouse & Son, Inc.*, the Fourth Circuit decided that the relation back doctrine did not save an untimely defamation claim. 172 F.3d 862, 1999 WL 89125, at *3 (4th Cir. 1999) (unpublished table decision) (per curiam). There, the plaintiff initially alleged defamation based on two letters sent by W.C. Rouse & Son., Inc. ("Rouse") to the same people. *Id.* at *2. His amended complaint asserted another defamation claim based on a different letter sent from a Rouse employee to a different person on a different date. *Id.* Affirming the district court's dismissal of the additional defamation claim as time-barred, the Fourth Circuit found that the late-filed

defamation count "[did] not arise out of the same conduct, transaction, or occurrence described in the original complaint, and, therefore, that the claim [did] not relate back to the filing of the original complaint." *Id.* The court reasoned that the "letter had a different author and recipient than the [other] letters," that it "was published on a different date," and that it was "a separate act of defamation." *Id.* at *3. This court has reasoned similarly in cases that likewise involved new assertions of distinct wrongs arising out of different facts. *See, e.g.*, *Brightwell v. Hershberger*, No. DKC-11-3278, 2016 WL 4537766, at *5 (D. Md. Aug. 31, 2016) (finding new claims did not relate back where plaintiff initially brought state tort and § 1983 claims based on an alleged prison assault and then sought to add new state tort and § 1983 claims concerning different assaults, perpetrated by different individuals 16 months before the assault alleged in the original complaint); *AIG Prop. Cas. Co. v. Eaton Corp.*, No. JKB-18-1853, 2019 WL 1586253, at *4–6 (D. Md. Apr. 12, 2019) (finding no factual nexus in products liability case where original complaint related to one product and the amended complaint alleged the same injury from a different product).

Conversely, in *Grattan*, 710 F.2d 160, the Fourth Circuit reversed a district court decision disallowing the addition of new claims that the lower court found were barred by the statute of limitations. The plaintiffs were former college employees who brought claims against Coppin State University alleging their termination was "arbitrary, capricious, without basis in fact or law, illegal and invalid under the Maryland and Federal constitutions." *Id.* at 161. They did not specifically allege race or sex discrimination in their original complaint, even though they had "filed . . . claims of race and sex discrimination with the Equal Employment Opportunity Commission . . . immediately upon learning of their pending termination." *Id.* Four years after filing their original complaint, the plaintiffs filed an amended complaint adding, among others, race and sex employment discrimination claims under 42 U.S.C. §§ 1981, 1983, and 1985. *Id.* at 161–62. The

district court found that the claims were barred by the statute of limitations. *Id.* at 162. On appeal, the Fourth Circuit held the discrimination claims related back to the original complaint. *Id.* at 163. It reasoned that "[t]here [was] a factual nexus between the discrimination claims . . . and [the original] complaint of arbitrary dismissal" because "[b]oth concern[ed] the events leading up to the[] termination . . . and in both the termination was the ultimate wrong of which they complained." *Id.*; *see also Fl. Steel Corp. v. N.J. Steel Corp.*, 966 F.2d 1442, 1992 WL 119864, at *1–2 (4th Cir. June 4, 1992) (per curiam) (unpublished table decision) (finding amended bankruptcy petition alleging for the first time that "Valley Steel was not paying its debts when due" related back to original petition because both "refer[red] to certain debts owed by Valley Steel to Appellees and state[d] that, based on these debts, an involuntary petition in bankruptcy is being filed"; "the original petition attempted to state that Valley Steel was not paying its debts when due"; and Valley Steel had sufficient notice of "[t]he allegation that [it] was not paying its debts when due" that there was "no prejudice in allowing the relation back").

This case is more like *English Boiler* than *Grattan* or *Florida Steel Corp.* The original and proposed new claims stem from different occurrences in different locations on different dates, which Mbanusi acknowledges. *See* ECF 38-2, ¶ 18. The fact that Liberty Mutual insured her condominium and her storage locker and the fact that the damage in both locations resulted from water after pipes burst do not make these unrelated events part of one series. The new and original claims do not arise from the same core facts. Mbanusi's initial suit against Liberty Mutual to recover for property damage resulting from water after a pipe burst in July 2018 did not put Liberty Mutual or the four new proposed defendants on notice of claims arising from damage caused by water after a different pipe burst in a different location two months later. The new claims do not

relate back to the original claims. Because the proposed claims were filed more than six years after they accrued, they are barred by the statute of limitations.

Moreover, even if the claims related back, they would not have been timely when the original complaint was filed in September 13, 2022. The water damage in the condominium occurred in September 2018—four years earlier. Mbanusi does not allege that it took her a year to discover the damage to her residence and the personal property in it, as she did with the damage to her storage locker. Therefore, they would be barred by the statute of limitations even if they related back. Mbanui's motion for leave to amend is denied.[3]

### III.    Emergency Motion

Mbanusi asks the Court to stay the state court foreclosure proceeding for her condominium. ECF 88. Liberty Mutual argues that the Court cannot intervene in that proceeding because it is unrelated to this case and the Anti-Injunction Act bars this Court from acting. ECF 91. Mbanusi contends that "[t]he 'necessary in aid of its jurisdiction' exception [to the Anti-Injunction Act] applies because the state court proceedings, if allowed to continue, would effectively nullify this Court's ability to provide complete relief to the Plaintiff," and that alternatively, the Court could act pursuant to the All Writs Act. ECF 92, at 2–3.

Similar to when Mbanusi asked this Court to intervene in state proceedings to stay enforcement of the Maryland Insurance Administration's Final Order, ECF 69, this Court once again lacks the ability to grant the relief Mbanusi is seeking. As the Court noted when it denied

---

[3] Liberty filed a motion for leave to file a surreply, ECF 41, along with a proposed surreply, ECF 41-1. Liberty sought to respond to Mbanusi's argument that "her state court dismissals would be subject to collateral attack in this forum, thus providing a basis for her proposed amendment to join both unrelated claims and parties." ECF 41, at 1. Mbanusi opposed Liberty's motion, arguing that her reply did not raise any new issues. ECF 43. Mbanusi's reply responded to Liberty Mutual's argument that she previously litigated the proposed claims in state court; it did not present new argument. Liberty Mutual's motion for leave to file a surreply is denied.

that motion to stay, under the Anti-Injunction Act, 28 U.S.C. § 2283, this Court cannot grant "an injunction to stay the proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. There is no applicable Congressional authorization. And, because the claims stemming from damage to the condominium are not a part of the complaint before this Court, a stay is not necessary to aid this Court's jurisdiction or to effect its judgment.

Likewise, the Court cannot grant the motion to stay under the All Writs Act, 28 U.S.C. § 1651(a). That Act states that "court[s] established by Act of Congress may issue all writs necessary or appropriate in aid of *their respective jurisdictions.*" 28 U.S.C. § 1651(a) (emphasis added). Because the condominium is not a part of the facts of this case, the planned foreclosure sale of the condominium does not affect this Court's jurisdiction. Therefore, an order stopping the sale would not aid this Court's jurisdiction. This Court does not have jurisdiction to stay the sale and cannot obtain jurisdiction through the All Writs Act. Mbanusi's motion is denied.

### IV.    Conclusion

Mbanusi's motion for joinder and for leave to file an amended complaint, ECF 34, is denied. Consequently, her motion to file exhibits to the proposed amended complaint on a USB, ECF 36, is denied as moot. And her emergency motion to stay the state court foreclosure proceeding for her condominium, ECF 88, is denied. Liberty Mutual's motion to file a surreply, ECF 41, is denied. A separate order follows.


Date: <u>May 6, 2025</u>

Deborah L. Boardman
United States District Judge